UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
            :
UNITED STATES OF AMERICA
            :
      -v-                                    **INDICTMENT**
            :
JOSE ZUMAYA,                               **07 CRIM. 564**
      a/k/a "Rocky,"
VICTOR PEREZ, and
ISMAEL ROQUE,                                :

      Defendants.   :

- - - - - - - - - - - - - - - - - - - - x


**COUNT ONE**

The Grand Jury charges:

1.    From in or about May 2006 up to and including in or about February 2007, in the Southern District of New York and elsewhere, JOSE ZUMAYA, a/k/a "Rocky," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that JOSE ZUMAYA, a/k/a "Rocky," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 20 2007

Overt Act

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

a. On or about December 28, 2006, in New York, New York, JOSE ZUMAYA, a/k/a "Rocky," the defendant, gave a confidential informant approximately 20 kilograms of cocaine.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4. On or about December 28, 2006, in the Southern District of New York and elsewhere, JOSE ZUMAYA, a/k/a "Rocky," the defendant, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 21, United States Code, Sections 812, 841(a)(1) and
 841(b)(1)(A); Title 18, United States Code, Section 2.)

## COUNT THREE

The Grand Jury further charges:

5. From at least in or about October 2006 up to and including at least in or about November 2006, in the Southern District of New York and elsewhere, JOSE ZUMAYA, a/k/a "Rocky," VICTOR PEREZ, and ISMAEL ROQUE, the defendants, and others known

and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

6. It was a part and an object of the conspiracy that JOSE ZUMAYA, a/k/a "Rocky," VICTOR PEREZ, and ISMAEL ROQUE, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfer and delivery of a large amount of cash, represented the proceeds of some form of unlawful activity, unlawfully, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Overt Acts

7. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

    a. On or about October 25, 2006, in New York, New York, JOSE ZUMAYA, a/k/a "Rocky," the defendant, along with a

co-conspirator not named as a defendant herein, gave a confidential informant (the "CI") approximately $360,000 in United States currency on behalf of a cocaine supplier.

b.   On or about November 10, 2006, in New York, New York, ZUMAYA retrieved approximately $360,000 in United States currency from the CI, and got into a vehicle with VICTOR PEREZ and ISMAEL ROQUE, the defendants.

(Title 18, United States Code, Section 1956(h).)

**FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO**

8.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, JOSE ZUMAYA, a/k/a "Rocky," the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment.

<u>Substitute Asset Provision</u>

a.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or

4

deposited with, a third person;

        (3) has been placed beyond the jurisdiction of the Court;

        (4) has been substantially diminished in value; or

        (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

## FORFEITURE ALLEGATION AS TO COUNT THREE

    9.    As a result of committing the offenses alleged in Count Three of this Indictment, JOSE ZUMAYA, a/k/a "Rocky," VICTOR PEREZ, and ISMAEL ROQUE, the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count Three of this Indictment.

### Substitute Asset Provision

    a.    If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 982.)

_____   _____
FOREPERSON                   MICHAEL J. GARCIA
                             United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

JOSE ZUMAYA,
a/k/a "Rocky,"
VICTOR PEREZ, and
ISMAEL ROQUE,

Defendants.

**INDICTMENT**

07 CR ____

(Title 18, United States Code, Sections 2 and 1956; Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A) & 846)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.